CREAM CITY HAT COMPANY V. H. M. TOLLINGER ET AL.

FILED JUNE 5, 1901. No. 9,667.

Commissioner's opinion, Department No. 3.

Representations to Mercantile Agency: FRAUD: EVIDENCE. Where it is sought to establish fraud in representations made to a mercantile agency upon whose report credit was extended to a merchant, the evidence must connect the merchant with making the report upon which credit was given.

ERROR from the district court for Knox county. Tried below before ROBINSON, J. *Affirmed.*

*Charles Kamanski*, for plaintiff in error.

*W. R. Ellis, contra.*

DUFFIE, C.

On the 14th of April, 1896, the plaintiff commenced this action in the district court of Knox county to replevin a bill of goods sold by it to the defendant H. M. Tollinger on the 9th day of January, 1896. Previous to the sale the plaintiff in error applied to the commercial agency of R. G. Dun & Co. in the city of Milwaukee, and obtained from said agency a statement of the commercial standing of the defendant Tollinger, and it claims to have relied upon said statement in extending credit for the goods. On the 19th of February, 1896, Tollinger executed and delivered to the Bloomfield State Bank a chattel mortgage upon his stock of merchandise to secure the payment of two certain promissory notes, one for twelve hundred and forty-seven dollars, and one for three thousand dollars, and this mortgage was recorded on the 11th of March, 1896. On the 2d of March, 1896, Tollinger executed and delivered to said bank another chattel mortgage to secure the payment of one promissory note for $4,571, which mortagage was recorded on the 9th day of March, 1896. On the 9th day of March, 1896, or at some date previous thereto, George M. Reed was appointed receiver for said bank and the two mortgages above mentioned were turned over to him as such receiver and he took possession of the stock of goods on or about March 29, 1896. It is claimed by the plaintiff that Tollinger was insolvent when the goods sought to be replevied were purchased by him and by this action it is sought to rescind the contract and retake possession of the goods. The only evidence introduced was a stipulation signed by the parties, and the deposition of one Hanson, the president of the plaintiff corporation. He testified that when the order was received, not knowing the rating of

Tollinger, he applied to the Dun agency and obtained from said agency a statement which, it is claimed, was given by Tollinger to the agency at Omaha and by that agency transmitted to the Milwaukee agency. The case was tried to the court by which judgment was entered for the defendant, a motion for new trial was made by the plaintiff and overruled, and the case brought here upon error.

To establish false representations made by Tollinger in obtaining the goods sought to be replevied the plaintiff depended upon the statement made to it by the R. G. Dun & Co. agency in Milwaukee. It is evident that this statement, unless authorized by Tollinger, was not competent evidence for the court to consider. It is not attempted to connect Tollinger with such statement except by the provisions of a stipulation entered into between the parties and used upon the trial, the fifth clause of which is as follows:

"Fifth: That the paper hereto attached and marked Exhibit A is a certified copy of the report of the assets and liabilities of said H. M. Tollinger furnished by the Milwaukee office of R. G. Dun & Co. to the plaintiff herein in the regular course of business as testified in the deposition of Oscar C. Hanson herein."

Then follows Exhibit A, which consists of a heading or certificate of the Dun agency as follows:

"This is to certify that H. M. Tollinger of Bloomfield, Knox county, Nebraska, did on November 19th, 1895, make statement of his assets and liabilities to the mercantile agency of R. G. Dun & Co., Omaha, Nebraska, as a basis for credit, and that the following figures are a correct copy of aforesaid statement appearing on the records of said agency at Omaha, Nebraska, and by the said agency transmitted in regular course of business to its Milwaukee, Wisconsin, office November 19th, 1895."

This is no part of the statement itself; it is merely the statement of R. G. Dun & Co. that Tollinger did on the 19th of November make a statement to its Omaha agency and that that statement was forwarded to Milwaukee

and is the same as that furnished by the Milwaukee agency to the plaintiff. It is evident that the Milwaukee branch of the agency could have no personal knowledge of any statement made to the Omaha branch by the defendant Tollinger, and if it did the certificate is not made under the solemnity of an oath and was not admissible evidence, and the court, as we understand, properly refused to consider it. This was an end of the plaintiff's case, there being no proper and competent evidence before the court that Tollinger did in fact make the statement relied upon. There was no evidence of any false representations upon his part and judgment was properly entered for the defendant. It is recommended that the judgment be affirmed.

ALBERT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.